Alan Nisselson (anisselson@windelsmarx.com)
*Chapter 7 Trustee*
WINDELS MARX LANE & MITTENDORF, LLP
156 West 56th Street
New York, New York 10019
Telephone: (212) 237-1000

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| In re | |
|---|---|
| Ashmeen Modikhan, | Chapter 7 |
| Debtor. | Case No. 1-19-46591-ess |

## FIRST INTERIM REPORT OF TRUSTEE

**TO THE HONORABLE ELIZABETH S. STONG,**
**UNITED STATES BANKRUPTCY JUDGE:**

Alan Nisselson (the "**Trustee**"), Trustee of the Chapter 7 estate of Ashmeen Modikhan (the "**Debtor**"), by his attorneys, Windels Marx Lane & Mittendorf, LLP, submits this first interim report of case (the "**Interim Report**"), and respectfully represent as follows:

**Procedural Background**

1. On October 31, 2019 (the "**Petition Date**"), the Debtor, Pro Se, filed with this Court a voluntary petition for relief under chapter 13 the Bankruptcy Code[1].

2. On March 1, 2021 (the "**Conversion Date**"), the Debtor voluntarily converted her case to a case under Chapter 13 of the Bankruptcy Code.

3. Thereafter, pursuant to Bankruptcy Code § 701(a), the United States Trustee (the "**UST**") appointed the Trustee, as trustee of the Debtor's Estate.

---

[1] As the Court is aware, after the Petition Date, the Debtor retained and replaced several law firms to act as her counsel in this case. The Debtor is currently Pro Se. The Debtor's former attorneys, along with Marianne De Rosa, the Chapter 13 Trustee and certain other parties, are defendants in adversary proceedings commenced by the Debtor.

4.      The Trustee examined the Debtor at the initial Bankruptcy Code § 341(a) meeting of creditors on April 7, 2021 and at an adjourned initial meeting of creditors on May 5, 2021. The Bankruptcy Code § 341(a) meeting is adjourned to June 5, 2021.

**The Debtor's Assets and Liabilities**

5.      According to the Debtor's filing schedules (the "**Schedules**") the Debtor's assets include, *inter alia*, two (2) real properties, a vehicle, household and personal possessions, and bank accounts with and have a collective value of $803,087.00.

6.      The Debtor's liabilities total $1,190,227.61 and include mortgages against her properties, tax debts and consumer debts.

7.      So far, eight (8) claims totaling $1,136,357.27 are filed in the Debtor's case. The Debtor has moved to disallow several of the claims.

**The Debtor's Real Properties**

8.      The Debtor is the owner of 2 real properties: a condominium located at 94-22 Magnolia Court 1B, Ozone Park, NY (the "**Magnolia Court Property**") and a condominium located at 8710 149th Avenue, Apt. 5N, Howard Beach NY (the "**Howard Beach Property**").

9.      During her 341(a) meetings, the Debtor testified she resides at the Magnolia Court Property and that the Howard Beach Property is occupied by her son. Both of the properties are encumbered by mortgages in excess of their value.

10.     The Debtor testified she believed mortgages against the properties were discharged in a previous bankruptcy filing. The Trustee advised Debtor it was unlikely mortgages were discharged and only unsecured debts were discharged. The Trustee urged Debtor to retain counsel to review matter. It does not appear the Debtor has retained counsel.

11. Because the Trustee believes that the real properties are fully encumbered he does not intend to administer properties at this time.

**The Debtor's Personal Injury Action**

12. Although the Debtor did not list any personal injury actions in her schedules, the Trustee discovered that the Debtor is a plaintiff in a pending personal injury action titled *Ashmeen Modikan v. Golden Touch Transpiration* pending in the Supreme Court of the State of New York, Queens County under Index No. 706339/2015 (the "**Personal Injury Action**").

13. Prior to the Petition Date, the Debtor retained Cassisi & Cassisi, P.C. (the "**Cassisi Firm**") to represent her in the Personal Injury Action. The Trustee has conducted discussions with Matthew C. Maloney of the Cassisi Firm concerning the Personal Injury Action. The Trustee has also reviewed the complaint (the "**Complaint**") commencing the Personal Injury Action and other pleadings filed in the action.

14. According to the Complaint and to Mr. Maloney, on June 27, 2014, the Debtor was exiting an Airport Shuttle bus operated by Golden Touch when the bus driver allegedly closed the door on the Debtor's arm. The Debtor alleges that as a result of the incident she suffers serious permanent injuries to her arm and shoulder including Complex Regional Pain Syndrome ("**CRPS**"). CRPS is a form of chronic pain that usually affects an arm or a leg and is caused by an injury.

15. Mr. Maloney advised the Trustee that the Personal Injury Action has significant value and may result in a settlement or award in an amount to provide for a distribution to the Debtor's creditors.

16. The Personal Injury Action is in the discovery phase.

17. The Trustee is administering the Personal Injury Action and is in the process of preparing an application for an Order to authorize the Trustee to retain and employ the Cassisi Firm as his special personal injury counsel.

18. The Trustee has requested that the Debtor file amended Schedules A/B disclosing the Personal Injury Action as an asset of the Estate and an amended Schedule C to claim exemptions for the Personal Injury Action in appropriate amounts.

**The Debtor's Cash Balances**

19. According to the Debtor's Schedule A/B, as of the Petition Date, the Debtor has two (2) accounts with TD Bank with total balances of $64,400.00 (the "**Account Funds**"). In Schedule C, the Debtor claims an exemption for the Account Funds of $6,650.00 pursuant to Bankruptcy Code § 522(d)(5). When questioned by the Trustee at the Bankruptcy Code § 341(a) meetings of creditors about the Account Funds, the Debtor claimed that the Account Funds are entirely exempt. The Trustee requested that the Debtor provide him with documentation of the exempt status of the Account Funds. The Trustee is awaiting Debtor's response to his document request.

Dated: New York, New York
      May 13, 2021                Respectfully submitted,

                                      /s/ Alan Nisselson
                                      Alan Nisselson (anisselson@windelsmarx.com)
                                      *Chapter 7 Trustee*
                                      WINDELS MARX LANE & MITTENDORF, LLP
                                      156 West 56th Street
                                      New York, New York 10019
                                      Telephone: (212) 237-1000